FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 12, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANA AYALA, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SPOKANE TEACHERS CREDIT UNION,<br><br>　　　　　　　　　　Defendant. | NO. 4:23-CV-5172-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss.  ECF No. 16. This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 16) is granted.

## BACKGROUND

This case arises from STCU's refusal to buy a retail installment Contract from Archibald's, Inc. concerning a used car bought by Plaintiff.  Plaintiff agrees

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

with Defendant's statement of facts. ECF No. 18 at 6 ("While it is true that Plaintiff did not apply for credit directly from Defendant and accepts the facts as asserted in the motion to dismiss, . . .").

Plaintiff never applied for a loan from STCU, and STCU never denied any loan application from Plaintiff. Plaintiff entered into a Retail Installment Contract ("Contract") with a used automobile dealer, Archibald's, Inc., for the purchase of a vehicle, after submitting a credit application to the Dealer. She drove the vehicle off the lot the day she signed the Contract. The dealer then subsequently attempted to sell its rights under the Contract to STCU. STCU elected not to purchase the Contract from the dealer, and the dealer then sold the Contract, or a slightly different contract between Plaintiff and the dealer, to another lender. Plaintiff never applied for a loan or attempted to apply for a loan from STCU. STCU never denied Plaintiff a loan.

The crux of Plaintiff's claims is her allegation that STCU had a policy that prevented Plaintiff from obtaining a loan because she has Deferred Action for Childhood Arrivals ("DACA") status. Based on these allegations, Plaintiff brings claims against STCU on her own behalf and on behalf of a putative class, for alleged violations of Section 1981 of the Civil Rights Act and the Washington Law Against Discrimination.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

## DISCUSSION

### A. Motion to Dismiss for Failure to State a Claim

#### 1. Legal Standard

Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 16. A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor*

*Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim and then determine whether those elements could be proven on the facts pled.  The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences.  *Id*.

The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citation omitted).  A claim may be dismissed only if "it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

### 2. 42 U.S.C. § 1981 Alienage Discrimination Claim

In order to state a claim under Section 1981, a plaintiff must allege that: (1) she is a member of a protected class, (2) she attempted to contract for certain services, and (3) she was denied the right to contract for those services. *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006).

Additionally, as the Supreme Court explained, "[c]onsistent with our prior case law, and as required by the plain text of the statute, we hold that a plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes "to make and enforce." Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479–80 (2006).

Here, Plaintiff does not have a cause of action against STCU because she never applied for a loan from STCU. Plaintiff was granted, not denied, credit for the purchase of the vehicle. She has no cause of action against STCU.

### 3. Washington Law Against Discrimination Claim

Plaintiff's claim under the WLAD appears to fail for the same reason that her Section 1981 claim fails – she did not apply for credit from STCU.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  A federal court may exercise original jurisdiction over cases involving a question of federal law or between parties of diverse citizenship.  28 U.S.C. §§ 1331, 1332.  A federal court may also exercise supplemental jurisdiction over pendent claims "that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  However, if a district court has dismissed all of the claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related claim.  28 U.S.C. § 1367(c)(3).

The Ninth Circuit has reaffirmed the discretionary nature of a district court's exercise of supplemental jurisdiction.  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended*, (Oct. 1, 1997).  "[A] federal court should consider and weigh … the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded by statute on other grounds as stated in Stanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent

jurisdiction doctrine … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.

The Court declines to exercise supplemental jurisdiction over Plaintiff's state WLAD claim.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss, ECF No. 16, is **GRANTED**. Plaintiff's 42 U.S.C. § 1981 claim is **DISMISSED** with prejudice. Plaintiff's Washington Law Against Discrimination claim is **DISMISSED** without prejudice.

The District Court Executive is directed to enter this Order, enter Judgment, furnish copies to counsel, and **CLOSE** the file.

**DATED** April 12, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7